UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARILYN L. HARRIS,

    Plaintiff,

v.                                          Case No. 17-cv-1003-pp

CITY OF MILWAUKEE,

    Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

      In June and July of 2017, the plaintiff (who is representing herself) filed two complaints in the Eastern District of Wisconsin, <u>Marilyn L. Harris v. Four Points Sheraton Hotel</u>, Case No. 17-cv-859, and <u>Marilyn L. Harris v. City of Milwaukee</u>, Case No. 17-cv-1003. In both cases she alleges that after she graduated from Milwaukee Career College, she started getting harassed. She filed this complaint on July 20, 2017 against the City of Milwaukee, alleging that during her attendance at, and after her graduation from, the Milwaukee Career College, she was harassed. Dkt. No. 1. She also has filed a request to proceed without prepaying the filing fee. Dkt. No. 2.

**I.**     **Plaintiff's Motion to Proceed Without Prepayment of the Filing Fee**

      The court may allow someone to proceed without prepaying the filing fee if two conditions are met: (1) the person shows that she is unable to pay the filing fee; and (2) the case is not frivolous nor malicious, does not fail to state a

1

claim on which relief may be granted, and does not seek monetary relief against a defendant that is immune from such relief. 28 U.S.C. §§1915(a) and (e)(2).

### A. Plaintiff's Ability to Pay the Filing Fee

The plaintiff states that she is employed, single and has two sons (she does not list their ages in this case), to whom she provides financial support of $205.00 per month each. Dkt. No. 2 at 1. She reports monthly income and wages of only $1,250. Id. at 2. She reports receiving $442.00 per month in food stamps. Id. at 2. The plaintiff claims to have $1,400 per month in total expenses, id. at 3, but lists only $500 per month in rent and $100 per month in food, id. at 2. If the court adds to those two numbers the $410 per month she spends to support her sons, the total monthly expenses appear to be $1,010. She does not list expenses for utilities, insurance or clothing. She does not own a car, does not own a home, and does not have any cash, checking, or savings accounts. Id. at 3.

Despite the discrepancies in the information the plaintiff provided, the court is satisfied that the plaintiff cannot pay the filing fee.

### B. Screening

Although the plaintiff has demonstrated that she cannot pay the filing fee, the court must still dismiss a complaint if a plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). For this reason, district courts "screen"

2

complaints filed by self-represented plaintiffs to determine whether the complaint must be dismissed under these standards.

A claim is legally frivolous when "it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it "is based on an indisputably meritless legal theory" or where the "factual contentions are clearly baseless." Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he only has to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). That said, a complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). Rather, a complaint must contain sufficient factual matter, accepted as true, that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

3

alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

When a plaintiff does not have a lawyer, the court is obliged to give the plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erikson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Even so, the plaintiff must follow the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2) states that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." There is a reason that the rule specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." U.S. *ex rel.* Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003). The plaintiff cannot leave the court "to guess what claims she intends to assert against which defendants." Dunigan v. St. Clair Cty. Jail Med. Staff, No. 15-CV-487, 2015 WL 2455505, *2 (S.D. Ill. May 22, 2015).

C.  The Substance of the Plaintiff's Complaint

In some respects, the complaint in this case is similar to the complaint in the other case she filed with this court, Marilyn L. Harris v. Four Points Sheraton Hotel, Case No. 17-CV-859 (E.D. Wis.). But here, she sued "Milwaukee, WI." Dkt. No. 1 at 1.

The plaintiff begins by alleging that she has been targeted by an unknown person. Id. at 2. She explains that in 2012, she attended Milwaukee

4

Career College for the dental assistant program. Id. She says that from the start, she was treated "different and unfair" from all of the other students; she says old books were taken and new ones placed, and that she was constantly harassed. Id. She indicates that she "was told"—she does not say by whom—that she would never make it in the dental field. Id. The plaintiff says she recorded one of the teachers talking to another student; she heard the teacher say "they dont want her to make it." Id. She says she was made fun of. Id. Despite this, she says she graduated with all A and B grades, and that on her "interm," she received all As. Id.

Next, the plaintiff says that the "hate" that the unknown person had for her made him target her dentist and her. Id. She says that she and her dentist were harassed daily, until "they just stop sending him checks after two yrs he had to retire in the middle of working at the dentist office." Id. at 2-3. The plaintiff says that she became homeless when she worked at the dentist's office, and that he could not pay her. Id. She says that at other jobs, her hours always seemed to get cut. She says that for the past three jobs, they said that they would give her full time, that everything would get arranged, and then "they all of a sudden don't want to give me no hrs and they start to harass me in the worse way a person can be harass." Id.

The plaintiff says, "Im not sure if its Milwaukee Career College the City of Milwaukee or Wisconsin but I was threatened by the Principle of school after I told him about taped conversation." Id. at 3-4. Toward the end of the complaint the plaintiff says that she was harassed every day by her teachers. Id. at 5. She

5

reiterates that she still is trying to figure out if "it was the school, the City, or the State." Id. She says that she filed a claim "back then," but dropped it because she believed things would get better, but they've only gotten worse. Id. at 5-6. She says that her family, her employers, her landlords—all have been attacked or harassed; she says the landlords get attacked with fines by the City of Milwaukee, as do her jobs. Id. at 6. She repeats that she is not sure who is behind all of this hate. Id. She says that the sad part is that she does not even believe that this person knows her. Id.

For relief, the plaintiff asks that the harassment, discriminating and stalking stop, that she have peace in her life, and that the court relieve her from a little stress. Id. at 7.

The court can tell that the plaintiff is in real distress, and that she strongly feels that someone is harassing her. But a federal court cannot start an investigation, or order someone else to start an investigation. If the plaintiff does not know who is doing the harassing, or the stalking, the court cannot help her.

The plaintiff says at a few points that it is a particular person who is harassing her, but that she is not sure who that person is, or whether that person even knows her. It is not for the court to determine who is harassing the plaintiff. Law enforcement agencies, like the Milwaukee Police Department, investigate crimes. Private detectives can conduct investigations for private citizens. But a court cannot investigate, or require someone else to investigate.

At another point, the plaintiff says that the "principal" of the "school" threatened her. The court thinks maybe the plaintiff means that one of the administrators at the Milwaukee Career College threatened her. If she is trying to sue that person, she must use his name.

The plaintiff named Milwaukee, Wisconsin on the first page of her complaint. Aside from making mention that the City of Milwaukee assesses fines against her landlords and her jobs, however, she does not allege that the City of Milwaukee violated *her* rights. The court suspects that the plaintiff named the City of Milwaukee because she says that she was harassed at Milwaukee Career College; perhaps she assumes that Milwaukee Career College is owned by, or run by, the City of Milwaukee. It is not. The Milwaukee Career College is a private school. See https://mkecc.edu ("MCC is accredited by the Accrediting Bureau of Health Education Schools (ABHES) and approved to do business in Wisconsin as a private school by the Wisconsin Educational Approval Board . . . ." ); Wisconsin Department of Financial Institutions, https://www.wdfi.org/apps. It was incorporated in 2002 as domestic business corporation. It is not run by the City of Milwaukee, or the State of Wisconsin. If the plaintiff believes that the Milwaukee Career College, or someone at that college, is harassing her, she must sue the Milwaukee Career College, or the particular person whom she believes is harassing her.

The plaintiff mentions harassment at her jobs, but the complaint does not allege that the plaintiff's *employers* harass her, but rather that this unknown person harasses her employers.

7

Finally, the plaintiff has filed this lawsuit in federal court. Federal courts are special courts. They can hear only certain kinds of cases. They can hear cases in which a citizen of one state sues a citizen of another state for a certain amount of money, and they can hear cases in which the plaintiff alleges that the defendant has violated a federal law or the U.S. Constitution. To sue someone in federal court, the plaintiff must allege that the person she is suing violated a federal law, or the Constitution. The plaintiff has not made such an allegation.

Despite the plaintiff's suffering, there is nothing that this court can do to help her with regard to the claims she has made in this complaint. The court must dismiss the complaint.

## II.   Conclusion

The court **GRANTS** the plaintiff's motion to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

Dated in Milwaukee, Wisconsin this 28th day of August, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**